## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6823 | **DATE** | 5/9/2012 |
| **CASE TITLE** | Craig Warner vs. USF Holland Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration under Rule 59 [59] is denied.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

    On January 25, 2012, this Court in a lengthy written opinion granted defendant's summary judgment motion, which ended this Title VII same-sex harassment case. On February 6, 2012, plaintiff filed a motion under Rule 59 to reconsider the summary judgment ruling. Plaintiff, however, never noticed up the motion to the Court. So no briefing schedule was set. Nevertheless, three weeks later, the defendant on its on initiative filed a response brief. Plaintiff did not choose to file a reply brief.

    As an initial point, plaintiff should always file a notice of motion when he files a motion on the court's electronic docket. Even in a case where it is customary to brief the motion without any appearance, plaintiff should still file a notice of motion. This helps to alert the Court and its staff to the fact that the motion is pending and a formal briefing schedule needs to be entered. Moreover, filing the notice eliminates any doubt about whether the motion has been promptly filed within the relevant time limits.

    A motion to reconsider under Rule 59 serves a "limited function," which is "to correct manifest errors of law or fact" or "to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.* 90 F.3d 1264, 1269 (7th Cir. 1996). A party may not use such a motion to submit evidence "that could have been adduced during the pendency of the summary judgment motion." *Id.* A motion to reconsider also should not be used as a forum for "rehashing previously rejected arguments." *Id.* at 1270.

    After carefully reviewing plaintiff's motion, we are not persuaded that this Court's ruling contains a manifest error of fact or law. We continue to believe that the reasons provided in our previous decision are sufficient for granting summary judgment. This Court's ruling relied on multiple independent grounds to support the judgment in favor of defendant. We also agree with the arguments thoroughly laid out in defendant's response brief to plaintiff's motion to reconsider. *See* Docket # 56. It is this Court's general practice not to discuss arguments already addressed, especially if we believe the earlier opinion is still correct after reading the motion to reconsider. We will comment briefly, however, on plaintiff's attempt to submit

**STATEMENT**

new evidence consisting of an affidavit from Joe Estrada who allegedly witnessed the encounter in the bathroom. *See* Docket # 53 at p. 5 (discussing bathroom incident). We stated in the opinion that, although plaintiff repeatedly referred to the hearsay testimony of Estrada, he never provided direct testimony in the form of an affidavit, even though we granted him several generous extensions of time to get affidavits. Plaintiff now provides this affidavit, yet he fails to explain why he failed to submit it with his summary judgment brief. In fact, he admits that he has "always been able to obtain evidence from Estrada." This raises the question. Why then did he not submit the evidence when the Court was considering the issue? A party should submit his best evidence when the summary judgment briefs are filed, and should not hold back any evidence. Again, plaintiff offers no explanation for why he waited to file this affidavit. He even could have done so by filing a motion for leave to file a sur-reply after defendant in its reply brief pointed out that plaintiff failed to procure "third party witness affidavit testimony." *See* Docket # 52 at p.4. This at least would have brought the affidavit to the Court's attention before it ruled. In any event, even if we had considered the affidavit previously, our decision would be the same for the reasons explained at the top half of page 5 in our opinion.